UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MICHAEL JASON PROFITT**                                                  **PLAINTIFF**

v.                                                  **CIVIL ACTION NO. 3:09CV-657-H**

**M.B. IV SIMS** *et al.*                                                 **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Michael Jason Profitt filed a *pro se* complaint on a court-supplied form. Most of the writing is illegible and hard to follow, but the Court will set forth Plaintiff's allegations as best it can.

As Defendants, Plaintiff appears to name M.B. IV Sims, Subway Connections, Byron Sims, Dr. Shoshana Sims, Dr. Doolya, Samantha Melo, Central State Hospital, Lora Eddy, Mammouth Cave Hotel, "Sudom Husaine," "Asa Bin Laden," and a few others whose names cannot be deciphered. As grounds for filing this suit in federal court, Plaintiff states, "Holding me hostage with Asa Bin Laden at Central State Hospital Proof I went to Mammouth Cave and all the [illegible] where there at the Mammouth Cave when I went . . . ." In the statement-of-claim portion of the complaint, Plaintiff alleges:

> The Date 04-22-07 Lora Samantha Melo Eddy Asa Bin Laden Sudom Husaine are trying to kill me for criminal theft like Motley Crue Pantera - [illegible] Hilton Connections at DEEP.
>
> When I went to Mammouth Cave the workers at Central State Hospital . . . held me hostage check video . . . there doing contract killing and pretending death in the Newspaper and killing for cash also Trade Center Bombing Connection.

As relief, he requests, "check Mammouth Cave visit and lethal Injection because of Contract Murders."

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). While Plaintiff's beliefs may be sincere, his allegations are implausible, illogical, irrational, and incredible. Due to the "utter implausibility" of Plaintiff's complaint, *Apple*, 183 F.3d at 480, it must be dismissed for lack of subject matter jurisdiction.

The Court will, therefore, enter a separate order of dismissal.

Date:

cc: Plaintiff, *pro se*
4412.005